# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: 3:21-mj-00386-BK All Defendants

Case title: USA v. Toussaint                     Date Filed: 04/22/2021

Assigned to: Magistrate Judge Renee
Harris Toliver

**Defendant (1)**

| | | |
|---|---|---|
| **Mackenzy Toussaint** | represented by | **Bret Martin** |

Law Office of Bret Martin
PO Box 93565
Southlake, TX 76092
214-505-2168
Fax: 603-816-9652
Email: bretmartinatty@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*
*Bar Status: Admitted/In Good Standing*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| Rule 5 Documents | |

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Marcus J Busch-DOJ** |

US Attorney's Office

1100 Commerce St
Suite 300
Dallas, TX 75242
214-659-8642
Fax: 214-659-8809
Email: marcus.busch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney's Office*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Docket Text |
|---|---|---|
| 04/22/2021 | 1 | Rule 5 Documents as to Mackenzy Toussaint (1). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (mcrd) (Entered: 04/22/2021) |
| 04/23/2021 | 2 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to Mackenzy Toussaint held on 4/23/2021. Date of Arrest: 4/23/2021. Location interval set to: LR. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA - Marcus Busch; Defense - Bret Martin. (No exhibits) Time in Court - :15. (Court Reporter: Shawnie Archuleta) (Interpreter NA.) (USPO Wayne Poton.) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 3 | ELECTRONIC ORDER As to Mackenzy Toussaint: by this order -- issued to the prosecution and defense counsel -- the court confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.

This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is in addition to the oral order entered by the court on the first scheduled court date when both the prosecutor and defense counsel were present. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 4 | NOTICE OF ATTORNEY APPEARANCE by Bret Martin appearing for Mackenzy Toussaint (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 5 | WAIVER of Rule 5 Hearings by Mackenzy Toussaint. (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 6 | Report of Proceedings under Rule 5(c)(3) and 5.1 as to Mackenzy Toussaint. Defendant is released from custody on bond pending further proceedings. |

| | | |
|---|---|---|
| | | Paperwork sent to Southern District of New York. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 7 | ORDER Setting Conditions of Release as to Mackenzy Toussaint (1) LR. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 8 | Notice FROM Texas Northern TO Southern District of New York of a Rule 5, Rule 32.1, or Rule 40 Appearance as to Mackenzy Toussaint. Your case number is: 21CR247. Docket sheet and documents attached. *If you wish to designate a different email address for future transfers, send your request to the national list host at InterDistrictTransfer_TXND@txnd.uscourts.gov.* (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 9 | ELECTRONIC ORDER as to Mackenzy Toussaint: Defendant is ORDERED to surrender his passport to the Clerk of the Court by 10am on 4/26/2021. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 04/26/2021 07:36:28 | | |
| **PACER Login:** | us5070:2654438:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:21-mj-00386-BK |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |
| **Exempt flag:** | Exempt | **Exempt reason:** | Always |

**PACER fee: Exempt**

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | |
| v. | § | |
| | § | |
| MACKENZY  TOUSSAINT (1) | § | Charging District's Case No. 21CRIM247 |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
**(Complaint or Indictment)**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
APR 2 3 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

I understand that I have been charged in another district, the Southern District of New York.

I have been informed of the charges and of my rights to:

   (1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;

   (2)    an identity hearing to determine whether I am the person named in the charges;

   (3)    production of the warrant, a copy of the warrant, or a reliable electronic copy of either;

   (4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

   (5)    a hearing on any motion by the government for detention;

   (6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

   ☒    an identity hearing and production of the warrant.

   ☒    a preliminary hearing.

   ☐    a detention hearing.

   ☐    an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district.  I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 23rd day of April, 2021



_____
Defendant's signature

_____
Signature of defendant's attorney

BRET MYRN
_____
Printed name of defendant's attorney

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | Other Dist. Docket No. 21CRIM247 |
| v. | § | Charge Pending: Conspiracy to Commit |
| | § | Major Fraud and Defraud the United States |
| | § | Southern District of New York |
| MACKENZY TOUSSAINT (1) | § | |

### REPORT OF PROCEEDINGS UNDER RULES 5(c)(3) and 5.1
### AND ORDER ENTERED THEREON

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

APR 2 3 2021

CLERK, U.S. DISTRICT COURT
By _____
Deputy

The defendant is charged in the above-referenced district with the offense of **Conspiracy to Commit Major Fraud and Defraud the United States**. Having been arrested in this district on a warrant issued on that/those charge(s), he/she appeared before me for proceedings as follows:

## Rule 5(c)(3)    Transfer

- ☑ Defendant waived the requirement that a copy of the warrant be produced.
- ☑ The government has produced a copy of the warrant, and
- ☑ The Court finds that the person before the Court is the defendant named in the indictment, information or warrant because:
  - ☑ The defendant waived identity hearing.
  - ☐ An identity hearing was conducted, and the defendant's identity was established.
- ☐ The Court finds, based on the evidence presented during an identity hearing, that the person before the Court is **NOT** the defendant named in the indictment, information or warrant.

## Rule 5.1:    Preliminary Hearing

- ☑ No preliminary hearing is necessary because the defendant is charged by indictment.
- ☐ The defendant waived a preliminary hearing.
- ☐ The defendant elected to have a preliminary hearing in the district where the prosecution is pending.
- ☐ The defendant elected to have a preliminary hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
  - ☐ There is probable cause to believe that the defendant committed the offense(s) charged.
  - ☐ There is **NOT** probable cause to believe that the defendant committed the offense(s) charged.

## Rule 5(d)(3)    Detention Hearing

- ☑ No detention hearing is necessary because the government did not move to detain the defendant.
- ☐ The defendant waived a detention hearing.
- ☐ The defendant elected to have a detention hearing in the district where the prosecution is pending.
- ☐ The defendant elected to have a detention hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
  - ☐ The defendant should be detained.
  - ☐ The defendant should be released on bond.

TO:  UNITED STATES MARSHAL

☐　You are commanded to transfer the above-named defendant forthwith to the district in which he/she is charged and there deliver him/her to the United States Marshal for that district or to some other officer authorized to receive him/her.

☑　It is ORDERED that this defendant be released from custody on bond pending further proceedings.

☐　It is ORDERED that this defendant be discharged.


DATE: ___4/23/2021___


RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Case 1:21-cr-00247-PAE   Document 9   Filed 04/26/21   Page 7 of 36
Case 3:21-mj-00386-BK   Document 7   Filed 04/23/21   Page 1 of 3   PageID 18
TXNP- AO 199A (Rev. 12/11) Order Setting Conditions of Release                                      Page 1 of 3

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 2 3 2021

CLERK, U.S. DISTRICT COURT

By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | |
| MACKENZY  TOUSSAINT (1) | § | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)   The defendant must not violate federal, state, or local law while on release.

(2)   The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)   The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)   The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: <u>1100 Commerce St., Dallas, TX  75242 as directed.</u>
*Place/Date/Time*

If blank, defendant will be notified of next appearance.

(5)   The defendant must sign an Appearance Bond, if ordered.

* AO 199A (Rev. 12/11) Order Setting Conditions of Release                                    Page 2 of 3

Case 1:21-cr-00247-PAE   Document 9   Filed 04/26/21   Page 8 of 36
Case 3:21-mj-06066-DEA   Document 7   Filed 04/23/21   Page 2 of 3   PageID 19

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:

Person or organization _____

Address (only if above is an organization) _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____

Custodian                                    Date

☑ (7) The defendant must:

☑ (a) submit to supervision by and report for supervision to the Supervising Officer
telephone number 214/753-2500, no later than *4/23/2021*

☑ (b) continue or actively seek employment.

☐ (c) continue or start an education program.

☑ (d) surrender any passport to: *U. S. District Clerk by 10:00am of 4/26/2021.*

☑ (e) not obtain a passport or other international travel document.

☑ (f) abide by the following restrictions on personal association, residence, or travel: *Continental United States*

☑ (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or Prosecution, including:

☐ (h) get medical or psychiatric treatment:

☐ (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:

☐ (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

☑ (k) not possess a firearm, destructive device, or other weapon.

☑ (l) not use alcohol ☐ at all ☑ excessively.

☑ (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products.

☑ (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.

☑ (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.

☐ (p) submit to location monitoring as directed by the pretrial services office or supervising officer and participate in one of the following location restriction programs and comply with all program requirements as directed. The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.

☐ (i) **Curfew.** You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the pretrial services or supervising officer; or

☐ (ii) **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services or supervising officer; or

☐ (iii) **Home Incarceration.** You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

☐ (q) **Stand Alone Monitoring (SAM):** Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g., travel restrictions). _____
The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.

☑ (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☐ (s)

* AO 199A (Rev. 12/11) Order Setting Conditions of Release

Case 1:21-cr-00247-PAE   Document 9   Filed 04/26/21   Page 9 of 36
Case 3:21-mj-00306-BK   Document 7   Filed 04/23/21   Page 3 of 3   PageID 20

## ADVICE OF PENALTIES AND SANCTIONS

**TO THE DEFENDANT:**

## YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned for not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Defendant's Signature*

567 Cobblestone Ln. Irving TX. 75039
_____
*Address, City, and State*

## Directions to the United States Marshal

☑ The defendant is ORDERED released after processing.

☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4/23/2021

_____
*Judicial Officer's Signature*

RENEE HARRIS TOLIVER, U.S. MAGISTRATE
_____
*Printed name and title*

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# U.S. District Court
## Northern District of Texas (Dallas)
## CRIMINAL DOCKET FOR CASE #: <u>3:21−mj−00386−BK</u>−1

Case title: USA v. Toussaint                    Date Filed: 04/22/2021

---

Assigned to: Magistrate Judge
Renee Harris Toliver

**<u>Defendant (1)</u>**

| | | |
|---|---|---|
| **Mackenzy Toussaint** | represented by | **Bret Martin** |
| | | Law Office of Bret Martin |
| | | PO Box 93565 |
| | | Southlake, TX 76092 |
| | | 214−505−2168 |
| | | Fax: 603−816−9652 |
| | | Email: <u>bretmartinatty@gmail.com</u> |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: Retained* |
| | | *Bar Status: Admitted/In Good Standing* |

| **<u>Pending Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Opening)</u>** | |
|---|---|
| None | |

| **<u>Terminated Counts</u>** | **<u>Disposition</u>** |
|---|---|
| None | |

| **<u>Highest Offense Level (Terminated)</u>** | |
|---|---|
| None | |

| **<u>Complaints</u>** | **<u>Disposition</u>** |
|---|---|
| Rule 5 Documents | |

---

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **USA** | represented by | **Marcus J Busch−DOJ** |
| | | US Attorney's Office |

1100 Commerce St
Suite 300
Dallas, TX 75242
214–659–8642
Fax: 214–659–8809
Email: marcus.busch@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: US Attorney's Office*
*Bar Status: Admitted/In Good Standing*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 04/22/2021 | 1 | 4 | Rule 5 Documents as to Mackenzy Toussaint (1). In each Notice of Electronic Filing, the judge assignment is indicated, and a link to the Judges Copy Requirements and Judge Specific Requirements is provided. The court reminds the filer that any required copy of this and future documents must be delivered to the judge, in the manner prescribed, within three business days of filing. (mcrd) (Entered: 04/22/2021) |
| 04/23/2021 | 2 | 19 | ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to Mackenzy Toussaint held on 4/23/2021. Date of Arrest: 4/23/2021. Location interval set to: LR. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA – Marcus Busch; Defense – Bret Martin. (No exhibits) Time in Court – :15. (Court Reporter: Shawnie Archuleta) (Interpreter NA.) (USPO Wayne Poton.) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 3 | 17 | ELECTRONIC ORDER As to Mackenzy Toussaint: by this order –– issued to the prosecution and defense counsel –– the court confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.

This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is in addition to the oral order entered by the court on the first scheduled court date when both the prosecutor and defense counsel were present. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 4 | 21 | NOTICE OF ATTORNEY APPEARANCE by Bret Martin appearing for Mackenzy Toussaint (If sealed documents that you are authorized to see were previously filed by U.S. Pretrial Services or U.S. Probation, you will require assistance to gain access to them and any related filings. Please call the clerk at 214.753.2240 during business hours to request access.) (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 5 | 22 | WAIVER of Rule 5 Hearings by Mackenzy Toussaint. (mcrd) (Entered: 04/24/2021) |
| 04/23/2021 | 6 | 23 | Report of Proceedings under Rule 5(c)(3) and 5.1 as to Mackenzy Toussaint. Defendant is released from custody on bond pending further proceedings. Paperwork sent to Southern District of New York. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |

| 04/23/2021 | 7 | 25 | ORDER Setting Conditions of Release as to Mackenzy Toussaint (1) LR. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd) (Entered: 04/24/2021) |
|---|---|---|---|

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
                                 :
UNITED STATES OF AMERICA         :
                                 :
    - v. -                       :    SEALED INDICTMENT
                                 :
APOCALYPSE BELLA,                :    21 Cr.
    a/k/a "Dias Yumba,"          :
                                 :
MACKENZY TOUSSAINT,              :
    a/k/a "Mack," and            :
                                 :
AMOS MUNDENDI,                   :    21 CRIM 247
    a/k/a "Mos,"                 :
    a/k/a "El Ashile Mundi,"     :
                                 :
              Defendants.        :
                                 :
- - - - - - - - - - - - - - - - X
```

## COUNT ONE
### (Conspiracy to Commit Major Fraud Against and Defraud the United States)

The Grand Jury charges:

### OVERVIEW OF FRAUDULENT SCHEME

1.    From at least in or about March 2020 to the present,

APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a

"Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi,"

the defendants, were involved in an extensive scheme to prepare

and submit fraudulent applications to the Small Business

Administration ("SBA") and to at least one company which

processes PPP loan applications ("PPP Loan Company-1") , in order

to obtain at least approximately $14 million in government-

guaranteed loans for various companies through the SBA's

4

Paycheck Protection Program ("PPP"), designed to provide financial relief to qualifying companies during the novel coronavirus/COVID-19 pandemic. This scheme resulted in the approval of fraudulently procured loans for two companies ("Company-1" and "Company-2"), both located in the Southern District of New York, totaling approximately $4 million, and the distribution of the proceeds of these fraudulently obtained funds to a series of bank accounts located in the United States and elsewhere, including bank accounts controlled by TOUSSAINT and BELLA.

2.      APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, devised and executed this fraudulent scheme by conspiring with individuals (the "Straw Applicants"), who own, operate or otherwise are affiliated with businesses (the "Straw Companies"), such as Company-1 and Company-2. BELLA, TOUSSAINT, MUNDENDI, and other co-conspirators supervised and coordinated the submission of fraudulent PPP loan applications for the Straw Companies, and in some cases, completed and/or submitted the fraudulent applications themselves.

3.      The PPP loan applications for Company-1 and Company-2 ("Company-1 PPP Loan Application" and "Company-2 PPP Loan Application") were false, designed to maximize proceeds to the

2

fraud scheme.  Specifically, applications for both Company-1 and

Company-2 contained material differences from loan applications

submitted for both companies for the Economic Injury Disaster

Loan ("EIDL") program just months earlier.  For instance, the

Company-1 PPP Loan Application represented that Company-1 had

over 100 employees.  However, an earlier EIDL loan application

for Company-1 dated on or about March 30, 2020, represented that

Company-1 had only four employees.  And the Company-2 PPP Loan

Application was strikingly similar to that of Company-1, in

terms of the number of employees and the size of its payroll,

although a previously submitted EIDL loan application for

Company-2 also claimed that Company-2 had many fewer employees.

Moreover, the Company-1 and Company-2 PPP Loan Applications both

contained false information about the number of employees, size

of payroll, and other financial information relating to Company-

1 and Company-2.  These false representations appear to be

designed to result in the procurement of PPP loans just shy of

$2 million for each company, the largest PPP loan that was

allowed by PPP Loan Company-1 at the time that the Company-1 and

Company-2 PPP Loan Applications were submitted.

     4.   In early July 2020, the PPP loan applications for both

Company-1 and Company-2 were approved, resulting in the

disbursement of nearly $4 million total in fraudulently procured

loans to the defendants.

5.      Between July and August 2020, there were significant
disbursements from the Company-1 Bank Account that did not
appear to meet the requirements for the use of PPP funds,
including large transfers of funds abroad, the movement of funds
to an investment management company, and the payment of
approximately $729,550 in funds to a bank account which is
controlled by APOCALYPSE BELLA, a/k/a "Dias Yumba," the
defendant, and approximately $138,000 to a bank account which is
controlled by MACKENZY TOUSSAINT, a/k/a "Mack," the defendant.

6.      Starting in or about February 2021, AMOS MUNDENDI,
a/k/a "Mos," a/k/a "El Ashile Mundi," the defendant, began to
facilitate the process of fraudulently applying for a second
round of PPP loans, including for Company-1 and Company-2.  This
resulted in a second fraudulent PPP Loan Application being
prepared and submitted in the name of Company-1 requesting an
additional $2 million in PPP funds.  Those funds have not yet
been disbursed.

## Statutory Allegations

7.      From at least in or about March 2020 to the present,
in the Southern District of New York and elsewhere, APOCALYPSE
BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and
AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the
defendants, together with others known and unknown, willfully
and knowingly combined, conspired, confederated, and agreed

4

7

together and with each other to commit an offense against the
United States and to defraud the United States and an agency
thereof, to wit, the SBA, in violation of Title 18, United
States Code, Sections 1031 and 2.

8.    It was a part and an object of the conspiracy that
APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a
"Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi,"
the defendants, together with others known and unknown,
willfully and knowingly would and did execute and attempt to
execute, a scheme and artifice with the intent to defraud the
United States, and to obtain money and property by means of
false and fraudulent pretenses, representations, and promises,
in a grant, contract, subcontract, subsidy, loan, guarantee,
insurance, and other form of Federal assistance, including
through an economic stimulus, recovery and rescue plan provided
by the Government, the value of which was $1,000,000 and more,
to wit, BELLA, TOUSSAINT, and MUNDENDI engaged in a scheme to
obtain at least approximately $14 million in Government-
guaranteed loans for various companies, including Company-1 and
Company-2, by means of false and fraudulent pretenses,
representations, and documents, through the PPP of the SBA,
designed to provide relief to small businesses during the novel
coronavirus/COVID-19 pandemic.

9.     It was a further part and an object of the conspiracy that APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, together with others known and unknown, willfully and knowingly would and did defraud the United States, and an agency thereof, to wit, BELLA, TOUSSAINT, and MUNDENDI engaged in a scheme to obtain at least approximately $14 million in Government-guaranteed loans for various companies, including Company-1 and Company-2, by means of false and fraudulent pretenses, representations, and documents, through the SBA's Payment Protection Program.

<u>Overt Acts</u>

10.     In furtherance of the conspiracy and to effect the illegal objects thereof, APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.     In or about July 2020, a co-conspirator not named herein ("CC-1"), who was located in the Southern District of New York and acts as an agent of both Company-1 and Company-2, caused a total of approximately $729,550 in proceeds from fraudulently procured PPP loans to be transferred to a bank

account controlled by BELLA from a bank account located in the Southern District of New York.

b. In or about August 2020, CC-1, who was located in the Southern District of New York, caused a total of approximately $138,000 in proceeds from fraudulently procured PPP loans to be transferred to an account controlled by TOUSSAINT from a bank account located in the Southern District of New York.

c. In or about February 2021 and March 2021, MUNDENDI communicated with CC-1, who was located in the Southern District of New York, and caused to be prepared a fraudulent PPP application for Company-2, which was transmitted to CC-1.

(Title 18, United States Code, Section 371).

## COUNT TWO
### (Major Fraud Against the United States)

The Grand Jury further charges:

11. The allegations set forth in paragraphs 1 to 6 are repeated and realleged, and incorporated by reference as if fully set forth herein.

12. From at least in or about March 2020 to the present, in the Southern District of New York and elsewhere, APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, willfully and knowingly executed, and attempted to execute, a scheme and artifice with the intent to defraud the

7

United States, and to obtain money and property by means of
false and fraudulent pretenses, representations, and promises,
in a grant, contract, subcontract, subsidy, loan, guarantee,
insurance, and other form of Federal assistance, including
through an economic stimulus, recovery and rescue plan provided
by the Government, the value of which was $1,000,000 and more,
to wit, BELLA, TOUSSAINT, AND MUNDENDI engaged in a scheme to
obtain at least approximately $14 million in Government-
guaranteed loans by means of false and fraudulent pretenses,
representations, and documents, including for Company-1 and
Company-2, through the PPP.

(Title 18, United States Code, Sections 1031 and 2.)

### COUNT THREE
### (Wire Fraud Conspiracy)

The Grand Jury further charges:

13.   The allegations set forth in paragraphs 1 to 6 are
repeated and realleged, and incorporated by reference as if
fully set forth herein.

14.   From at least in or about March 2020 through at least
in or about May 2020, in the Southern District of New York and
elsewhere, APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY
TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a
"El Ashile Mundi," the defendants, and others known and unknown,
willfully and knowingly did combine, conspire, confederate, and

agree together and with each other to commit wire fraud, in violation of Title 18, United States Code, Section 1343.

15. It was a part and an object of the conspiracy that APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, BELLA, TOUSSAINT, AND MUNDENDI engaged in a scheme to obtain at least approximately $14 million in Government-guaranteed loans by means of false and fraudulent pretenses, representations, and documents, including Company-1 and Company-2, through the PPP, including the online submission of PPP loan applications transmitted from the Southern District of New York.

(Title 18, United States Code, Sections 1349 and 2.)

## COUNT FOUR
### (Wire Fraud)

The Grand Jury further charges:

16.   The allegations set forth in paragraphs 1 to 6 are repeated and realleged, and incorporated by reference as if fully set forth herein.

17.   From at least in or about March 2020 to the present, in the Southern District of New York and elsewhere, APOCALYPSE BELLA, a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, BELLA, TOUSSAINT, AND MUNDENDI engaged in a scheme to obtain at least approximately $14 million in Government-guaranteed loans by means of false and fraudulent pretenses, representations, and documents, including for Company-1 and Company-2, through the PPP, for which fraudulent PPP loan applications were accessed online from the Southern District of New York.

(Title 18, United States Code, Sections 1343 and 2.)

## FORFEITURE ALLEGATIONS

18.  As the result of committing the offenses charged in
Counts Three and Four of this Indictment, APOCALYPSE BELLA,
a/k/a "Dias Yumba," MACKENZY TOUSSAINT, a/k/a "Mack," and AMOS
MUNDENDI, a/k/a "Mos," a/k/a "El Ashile Mundi," the defendants,
shall forfeit to the United States, pursuant to Title 18, United
States Code, Section 981(a)(1)(C) and Title 28 United States
Code, Section 2461(c), any and all property, real and personal,
that constitutes, or is derived from, proceeds traceable to the
commission of said offenses, including but not limited to a sum
of money in United States currency representing the amount of
proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

19. If any of the above-described forfeitable property, as
a result of any act or omission of the defendants:

a.    cannot be located upon the exercise of due
diligence;

b.    has been transferred or sold to, or deposited
with, a third person;

c.    has been placed beyond the jurisdiction of the
Court;

d.    has been substantially diminished in value; or

e.    has been commingled with other property which
cannot be subdivided without difficulty;

11

14

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


_____
FOREPERSON

_____
AUDREY STRAUSS   DMcL
United States Attorney

12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

APOCALYPSE BELLA, a/k/a "Dias Yumba,"
MACKENZY TOUSSAINT, a/k/a "Mack," and
AMOS MUNDENDI, a/k/a "Mos," a/k/a "El Ashile
Mundi,"

                    Defendants.

### SEALED INDICTMENT

21 Cr.

(18 U.S.C. §§ 371, 1031, 1343, 1349 and 2.)

AUDREY STRAUSS
United States Attorney

**A TRUE BILL**

Foreperson

Sealed Indictment
Arrest Warrants
filed before CJW 4/14/21

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Bret Martin (bretmartinatty@gmail.com), Marcus J Busch-DOJ
(bcombs@usa.doj.gov, caseview.ecf@usdoj.gov, dwirtz@usa.doj.gov, lwright3@usa.doj.gov,
marcus.busch@usdoj.gov, nleblanc@usa.doj.gov, usatxn.central.docketing@usdoj.gov),
Magistrate Judge Renee Harris Toliver (ethan_glenn@txnd.uscourts.gov,
judge_toliver_ecfdocs@txnd.uscourts.gov, lina_figari@txnd.uscourts.gov,
mervin_wright@txnd.uscourts.gov)
--Non Case Participants:
--No Notice Sent:

Message-Id:13119537@txnd.uscourts.gov
Subject:Activity in Case 3:21-mj-00386-BK USA v. Toussaint Rule 5(f)(1) Order
Content-Type: text/html
```

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here: <u>Judges' Copy Requirements.</u> Click here to see <u>Judge Specific Requirements.</u> Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly. <u>Forms and Instructions</u> found at <u>www.txnd.uscourts.gov.</u> If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 4/24/2021 at 10:11 AM CDT and filed on 4/23/2021

| | |
|---|---|
| **Case Name:** | USA v. Toussaint |
| **Case Number:** | <u>3:21-mj-00386-BK</u> |
| **Filer:** | |
| **Document Number:** | 3(No document attached) |

**Docket Text:**
 **ELECTRONIC ORDER As to Mackenzy Toussaint: by this order –– issued to the prosecution and defense counsel –– the court confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and the possible consequences of violating such order under applicable law.**

**This written order is entered pursuant to Rule 5(f)(1) of the Federal Rules of Criminal Procedure, and is in addition to the oral order entered by the court on the first scheduled court date when both the prosecutor and defense counsel were present. (Ordered by Magistrate Judge Renee Harris Toliver on 4/23/2021) (mcrd)**

**3:21-mj-00386-BK-1 Notice has been electronically mailed to:**

Marcus J Busch-DOJ     marcus.busch@usdoj.gov, BCombs@usa.doj.gov, CaseView.ECF@usdoj.gov, DWirtz@usa.doj.gov, LWright3@usa.doj.gov, NLeBlanc@usa.doj.gov, USATXN.Central.Docketing@usdoj.gov

Bret Martin     bretmartinatty@gmail.com

**3:21–mj–00386–BK–1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.**

```
MIME-Version:1.0
From:ecf_txnd@txnd.uscourts.gov
To:Courtmail@localhost.localdomain
Bcc:
--Case Participants: Marcus J Busch-DOJ (bcombs@usa.doj.gov, caseview.ecf@usdoj.gov,
dwirtz@usa.doj.gov, lwright3@usa.doj.gov, marcus.busch@usdoj.gov, nleblanc@usa.doj.gov,
usatxn.central.docketing@usdoj.gov), Bret Martin (bretmartinatty@gmail.com), Magistrate
Judge Renee Harris Toliver (ethan_glenn@txnd.uscourts.gov,
judge_toliver_ecfdocs@txnd.uscourts.gov, lina_figari@txnd.uscourts.gov,
mervin_wright@txnd.uscourts.gov)
--Non Case Participants: Dallas Assist Team (docket_team@txnd.uscourts.gov), Probation
Office (txnp_edocs-pro@txnp.uscourts.gov)
--No Notice Sent:

Message-Id:13119535@txnd.uscourts.gov
Subject:Activity in Case 3:21-mj-00386-BK USA v. Toussaint Initial Appearance
Content-Type: text/html
```

**If you need to know whether you must send the presiding judge a paper copy of a document that you have docketed in this case, click here:** **Judges' Copy Requirements.** **Click here to see** **Judge Specific Requirements.** **Unless exempted, attorneys who are not admitted to practice in the Northern District of Texas must seek admission promptly.** **Forms and Instructions** **found at** **www.txnd.uscourts.gov.** **If admission requirements are not satisfied within 21 days, the clerk will notify the presiding judge.**

### U.S. District Court

### Northern District of Texas

**Notice of Electronic Filing**

The following transaction was entered on 4/24/2021 at 10:11 AM CDT and filed on 4/23/2021

| | |
|---|---|
| **Case Name:** | USA v. Toussaint |
| **Case Number:** | 3:21-mj-00386-BK |
| **Filer:** | |
| **Document Number:** | 2(No document attached) |

**Docket Text:**
 ELECTRONIC Minute Entry for proceedings held before Magistrate Judge Renee Harris Toliver: Initial Appearance as to Mackenzy Toussaint held on 4/23/2021. Date of Arrest: 4/23/2021. Location interval set to: LR. The judge issued the oral order required by Fed. R. Crim. P. 5(f)(1). Written order to follow. Attorney Appearances: AUSA – Marcus Busch; Defense – Bret Martin. (No exhibits) Time in Court – :15. (Court Reporter: Shawnie Archuleta) (Interpreter NA.) (USPO Wayne Poton.) (mcrd)

**3:21-mj-00386-BK-1 Notice has been electronically mailed to:**

Marcus J Busch-DOJ    marcus.busch@usdoj.gov, BCombs@usa.doj.gov, CaseView.ECF@usdoj.gov, DWirtz@usa.doj.gov, LWright3@usa.doj.gov, NLeBlanc@usa.doj.gov, USATXN.Central.Docketing@usdoj.gov

Bret Martin    bretmartinatty@gmail.com

**3:21−mj−00386−BK−1 The CM/ECF system has NOT delivered notice electronically to the names listed below. The clerk's office will only serve notice of court Orders and Judgments by mail as required by the federal rules.**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

UNITED STATES OF AMERICA          §
                                  §
v.                                §          Case No. 3:21-mj-00386-BK *SEALED*
                                  §
                                  §
MACKENZY  TOUSSAINT (1)           §

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 3 2021
CLERK, U.S. DISTRICT COURT
By_____
                      Deputy
```

### ENTRY OF APPEARANCE OF COUNSEL

I wish to enter my appearance as **retained** counsel for the above-named defendant(s) in this cause.

I understand that it is my duty to continue to represent the named defendant(s) in connection with all matters relating to this case, and in connection with all proceedings therein in this Court; to assist him with any appeal which he desires to perfect, and to represent him on appeal until a final judgment has been entered; unless and until, after written motion filed by me, I am relieved by Order of the Court.

In all cases an arraignment is scheduled promptly after the return or filing of an indictment or information, at which time the defendant must enter a plea. Your attention is directed to Rule 12, Federal Rules of Criminal Procedure, pertaining to pretrial motions.

DATED: ___23^RD___ day of ___APRIL___, _2021_

_____
Signature of Attorney

___BRET  MARTIN_____
Attorney Name (Please Print)

___80794232_____
Attorney Bar Number

___P.O. Box  93565_____
Street Address

___SOUTHLAKE TX 76092_____
City, State, Zip

___BRETMARTINATTY@GMAIL.COM_____
E-mail Address

___214- 505. 2168_____
Telephone Number (including area code)

___603. 816. 9652_____
Fax Number

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | |
| v. | § | |
| | § | |
| MACKENZY TOUSSAINT (1) | § | Charging District's Case No. 21CRIM247 |

**WAIVER OF RULE 5 & 5.1 HEARINGS**
**(Complaint or Indictment)**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 3 2021
CLERK, U.S. DISTRICT COURT
By_____
Deputy

I understand that I have been charged in another district, the Southern District of New York.

I have been informed of the charges and of my rights to:

(1)   retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2)   an identity hearing to determine whether I am the person named in the charges;

(3)   production of the warrant, a copy of the warrant, or a reliable electronic copy of either;

(4)   a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise —
unless I am indicted — to determine whether there is probable cause to believe that an offense has
been committed;

(5)   a hearing on any motion by the government for detention;

(6)   request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☒   an identity hearing and production of the warrant.

☒   a preliminary hearing.

☐   a detention hearing.

☐   an identity hearing, production of the warrant, and any preliminary or detention hearing to which
I may be entitled in this district. I request that those hearings be held in the prosecuting district,
at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending
against me.

Date: 23th day of April, 2021



x _____
_Defendant's Signature_

_____
_Signature of defendant's attorney_

BRET MARTIN
_Printed name of defendant's attorney_

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | Other Dist. Docket No. 21CRIM247 |
| v. | § | Charge Pending: Conspiracy to Commit |
| | § | Major Fraud and Defraud the United States |
| | § | Southern District of New York |
| MACKENZY TOUSSAINT (1) | § | |

## REPORT OF PROCEEDINGS UNDER RULES 5(c)(3) and 5.1
## AND ORDER ENTERED THEREON

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
APR 2 3 2021
CLERK, U.S. DISTRICT COURT
By_____

The defendant is charged in the above-referenced district with the offense of **Conspiracy to Commit Major Fraud and Defraud the United States**. Having been arrested in this district on a warrant issued on that/those charge(s), he/she appeared before me for proceedings as follows:

## Rule 5(c)(3)    Transfer

- ☑ Defendant waived the requirement that a copy of the warrant be produced.
- ☑ The government has produced a copy of the warrant, and
- ☑ The Court finds that the person before the Court is the defendant named in the indictment, information or warrant because:
  - ☑ The defendant waived identity hearing.
  - ☐ An identity hearing was conducted, and the defendant's identity was established.
- ☐ The Court finds, based on the evidence presented during an identity hearing, that the person before the Court is **NOT** the defendant named in the indictment, information or warrant.

## Rule 5.1:    Preliminary Hearing

- ☑ No preliminary hearing is necessary because the defendant is charged by indictment.
- ☐ The defendant waived a preliminary hearing.
- ☐ The defendant elected to have a preliminary hearing in the district where the prosecution is pending.
- ☐ The defendant elected to have a preliminary hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
  - ☐ There is probable cause to believe that the defendant committed the offense(s) charged.
  - ☐ There is **NOT** probable cause to believe that the defendant committed the offense(s) charged.

## Rule 5(d)(3)    Detention Hearing

- ☑ No detention hearing is necessary because the government did not move to detain the defendant.
- ☐ The defendant waived a detention hearing.
- ☐ The defendant elected to have a detention hearing in the district where the prosecution is pending.
- ☐ The defendant elected to have a detention hearing in this district, and based on the evidence presented during the hearing, the Court finds that:
  - ☐ The defendant should be detained.
  - ☐ The defendant should be released on bond.

TO: UNITED STATES MARSHAL

☐  You are commanded to transfer the above-named defendant forthwith to the district in which he/she is charged and there deliver him/her to the United States Marshal for that district or to some other officer authorized to receive him/her.

☑  It is ORDERED that this defendant be released from custody on bond pending further proceedings.

☐  It is ORDERED that this defendant be discharged.

DATE: __4/23/2021__

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

Case 3:21-mj-00386-BK Document 7 Filed 04/23/21 Page 1 of 3 PageID 18
Case 3:21-mj-00386-BK Document 8 Filed 04/23/21 Page 25 of 27 PageID 45
TXNP- AO 199A (Rev. 12/11) Order Setting Conditions of Release                                      Page 1 of 3

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

APR 23 2021

CLERK, U.S. DISTRICT COURT
By_____
Deputy

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 3:21-mj-00386-BK *SEALED* |
| | § | |
| MACKENZY TOUSSAINT (1) | § | |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1)    The defendant must not violate federal, state, or local law while on release.

(2)    The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3)    The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4)    The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: <u>1100 Commerce St., Dallas, TX 75242 as directed.</u>
<i>Place/Date/Time</i>

If blank, defendant will be notified of next appearance.

(5)    The defendant must sign an Appearance Bond, if ordered.

# ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

☐    (6)    The defendant is placed in the custody of:

Person or organization _____

Address (*only if above is an organization*) _____

City and state _____ Tel. No. _____

who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
                  *Custodian*                           *Date*

☑    (7)    The defendant must:

☑      (a) submit to supervision by and report for supervision to the <u>Supervising Officer</u> telephone number 214/753-2500, no later than **4/23/2021**.

☑      (b) continue or actively seek employment.

☐      (c) continue or start an education program.

☑      (d) surrender any passport to: *U. S. District Clerk by 10:00am of 4/26/2021.*

☑      (e) not obtain a passport or other international travel document.

☑      (f) abide by the following restrictions on personal association, residence, or travel: *Continental United States*

☑      (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or Prosecution, including:

☐      (h) get medical or psychiatric treatment:

☐      (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes:

☐      (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.

☑      (k) not possess a firearm, destructive device, or other weapon.

☑      (l) not use alcohol ☐ at all ☑ excessively.

☑      (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by defendant by a licensed medical practitioner, or any synthetic and/or natural substance that alters mood and/or cognitive ability, such as CBD and hemp oils/products.

☑      (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.

☑      (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer. The defendant shall contribute to the costs of services rendered (copayment) based on ability to pay, as determined by the pretrial services office.

☐      (p) submit to location monitoring as directed by the pretrial services office or supervising officer and participate in one of the following location restriction programs and comply with all program requirements as directed. The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.

       ☐   (i)    **Curfew.** You are restricted to your residence every day ☐ from _____ to _____, or ☐ as directed by the pretrial services office or supervising officer; or

       ☐   (ii)    **Home Detention.** You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or

       ☐   (iii)    **Home Incarceration**. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.

☐      (q) **Stand Alone Monitoring (SAM)**: Requires the use of Global Positioning System (GPS) tracking to monitor and enforce any other condition(s) of release (e.g., travel restrictions). _____ The defendant must pay all or part of the cost of any monitoring program based on ability to pay as determined by the pretrial services or supervising officer.

☑      (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.

☐      (s)

* AO 199A (Rev. 12/11) Order Setting Conditions of Release
Case 3:21-mj-00586-BK Document 8 Filed 04/23/21 Page 3 of 3
Case 3:21-mj-00586-BK Document 8 Filed 04/23/21 Page 27 of 27 PageID 47

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

## YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more – you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years – you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony – you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor – you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

567 Cobblestone Ln. Irving TX 75039
_____
Address, City, and State

## Directions to the United States Marshal

☑ The defendant is ORDERED released after processing.

☐ The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 4/23/2021

_____
Judicial Officer's Signature

RENEE HARRIS TOLIVER, U.S. MAGISTRATE
_____
Printed name and title

DISTRIBUTION:   COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

27