UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-v-<br><br>MACKENZY TOUSSAINT,<br><br>Defendant. | 21-CR-247-02 (PAE)<br><br>ORDER |

PAUL A. ENGELMAYER, District Judge:

On November 9, 2022, defendant Mackenzy Toussaint was sentenced principally to a term of imprisonment of 90 months. Dkt. 196 at 2.

On February 20, 2024, defense counsel moved for a reduction of Toussaint's sentence to 87 months' imprisonment, pursuant to Amendment 821 of the Sentencing Guidelines, see Dkt. 292 (filed February 29, 2024), having been reappointed by the Court for this purpose, Dkt. 285. On February 28, 2024, the Government filed a letter, agreeing that Toussaint is eligible for, but opposing, a sentence reduction. Dkt. 293. The Probation Department has determined that Toussaint is eligible for a sentence reduction. Dkt. 283.

All parties thus agree that Toussaint is eligible for a sentence reduction under Amendment 821; that, under that Amendment, his Criminal History Category, which was III at the time of sentencing, is now II; that his offense level remains level 28; and that his Guidelines range on Count Three would today be 87 to 108 months' imprisonment, rather than 97 to 121

1

months, the range calculated at the time of sentencing. The Court adopts the above calculations and finds Toussaint eligible for a sentence reduction to no lower than 87 months' imprisonment.[1]

The Court has reviewed the record in this case, including its detailed assessment at the time of sentencing of the proper sentence as reflected at the sentencing hearing, and counsel's recent submissions. After considered attention, the Court declines to reduce Toussaint's sentence based on Amendment 821.

That is so for this reason: The calculated Guidelines range did not play a meaningful role in the Court's assessment of the just and reasonable sentence. On the contrary, the Court imposed a sentence below (by seven months) the bottom of the Guidelines range. As the Court's extended discussion at sentencing reflected, decisive instead to the determination of a just sentence were the 18 U.S.C. § 3553(a) factors. The Court found a 90-month sentence to properly balance these factors. Such, the Court found, was necessary to reflect Toussaint's "incredibly serious" offense, Dkt. 212 at 48, in which he played a lead role in a conspiracy to defraud the federal Paycheck Protection Program ("PPP") during the COVID-19 pandemic of millions of dollars, *id.* at 49–50. Among other comments explaining why this lengthy sentence was needed to achieve just punishment and promote respect for the law, the Court stated:

> I will be really blunt with you at the outset. The crime you committed and to which you pled guilty was incredibly serious. It is one of the most serious and candidly shameful fraud offenses that I have seen in my more than 11 years on the

---

[1] Defense counsel's letter notes that the parties' plea agreement had erroneously calculated Toussaint's criminal history category as II and his guideline range as 78–97 months. Dkt. 292 at 2. That is of no moment here. The Probation Department's presentence report, which the Court adopted at sentencing without objection, correctly calculated the criminal history category as III and his guideline range as 97–121 months. *See* Dkt. 146 ¶¶ 77, 120; Dkt. 212 at 5–6. However, the Court gave weight at sentencing to the erroneous calculation in the plea agreement, citing this as a reason for imposing a term of imprisonment (90 months) that was within, not above, the range the parties had calculated, and below the applicable guideline range. Dkt. 212 at 46-47, 61. This circumstance does not make Toussaint today eligible for a reduction of sentence to below 87 months' imprisonment.

> bench. Along with other people, you schemed, during a national pandemic, when the country was hurting and small businesses were hurting, when unemployment was soaring, you schemed to rip off the Small Business Administration of money intended under the PPP program, put in place under the CARES Act emergency legislation to give relief to legitimate victims. You capitalized on a once in a century pandemic to line your own pocket. You put in for over $30 million of bogus relief loans, and about half of those loans, $15 million, funded.

*Id.* at 48–49. And:

> Inescapably, your motive was greed, monetary greed. When Congress passed the PPP program, it was not to enrich you; it was to [enable the payment of] paychecks. But the coconspirators here treated that program as a piggy bank. As a matter of basic, just punishment, as a matter of promoting respect for the law, a substantial sentence is needed here to take account of the sheer abusiveness of this crime.

*Id.* at 52; *see also id.* at 52–53 (noting separate scheme in which Toussaint engaged with co-defendant to defraud federal Economic Injury Disaster Loan program through use of fake identities); *id.* at 53–54 (noting Toussaint's expenditure of fruits of scheme on lavish jewelry and "all sorts of luxury goods"). The Court further found a 90-month sentence supported by the interests in general and specific deterrence and public protection, *id.* at 54–56, and compatible with the sentence the Court had imposed on a co-defendant, *id.* at 62. The below-Guidelines sentence, the Court noted, also recognized mitigating factors identified by defense counsel, and the positive testimonials by family and friends. *Id.* at 56–61. The sentence imposed, the Court stated, was the lowest compatible with the § 3553(a) factors, considered as a whole. *Id.* at 62. The Court's assessment of the just and reasonable sentence today remains the same as at sentencing.

The Court accordingly declines to modify Toussaint's sentence. The 90-month sentence, the Court notes, remains a Guidelines sentence. This sentence, the Court notes, although not at the very bottom of the 87 to 108 month Guidelines range that would apply today, is close to it.

3

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: March 5, 2024
       New York, New York