UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x
                                        :

UNITED STATES OF AMERICA

                                        :       **PRELIMINARY**
                                          **ORDER OF FORFEITURE**
         - v. -                        :       **AS TO SUBSTITUTE ASSETS**

MACKENZY TOUSSAINT,
a/k/a "Mack",                       :       S3 21 Cr. 247 (PAE)

              Defendant.              :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -  x

WHEREAS, or about December 7, 2021, the Defendant was charged in four counts of a seven-count Superseding Indictment, S3 21 Cr. 247 (PAE) (the "Indictment"), with conspiracy to commit major fraud against the United States, in violation of Title 18, United States Code, Section 371 (Count One); major fraud against the United States, in violation of Title 18, United States Code, Section 1031 and 2 (Count Two); conspiracy to commit wire fraud, in violation of Title 18, United States Code, Section 1349 (Count Three); and wire fraud, in violation of Title 18, United States Code, Section 1343 and 2 (Count Four);

WHEREAS, on or about March 8, 2022, the Defendant pled guilty to Count Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Three of the Indictment and agreed to forfeit, pursuant to Title 18, United States Code, Section 981(a)(1)(C), a sum of money equal to $194,649 in United States currency, representing proceeds traceable to the commission of the offense charged in Count Three of the Indictment;

WHEREAS, on or about March 8, 2022, the Court entered a Consent Preliminary Order of Forfeiture/Money Judgment (the "Order of Forfeiture"), imposing a money judgment against the Defendant in the amount of $194,649 (the "Money Judgment"), representing the

amount of proceeds traceable to the offense charged in Count Three of the Indictment that the Defendant personally obtained (D.E. 113);

WHEREAS, to date, the entire the Money Judgment against the Defendant remains unpaid;

WHEREAS, as a result of acts and omissions of the Defendant, the United States has not been able to locate, obtain or collect assets traceable to the proceeds of the Defendant's offenses, despite the exercise of due diligence in investigating the assets of the Defendant;

WHEREAS, the Government has identified the following specific assets in which the Defendant has an ownership interest:

    a. A Louis Vuitton Bag in Box with Receipt, seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

    b. Gold colored with clear stones, Audemars Piguet Royal Oak Offshore Wristwatch, with box and appraisal report, seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

    c. A Cartier Bracelet ID number CRD328167, seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

    d. A Cartier Bracelet ID number CRD058738, seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

    e. A Cartier Bracelet ID number CRD328162, seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

    f. A gold-colored Ladies Masterpiece Rolex Watch, with box and appraisal report, seized from the Defendant on or about April 22, 2021, from in Irving, Texas, at the time of the Defendant's arrest;

    g. A silver-color Tennis bracelet with clear stones, with appraisal report seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest;

h.  A gold-colored Cartier Ring with clear stones, ID number 85963A seized from the Defendant on or about April 22, 2021, in Irving, Texas,  at the time of the Defendant's arrest;

i.  A silver-color Haimov Ring with clear stones seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest; and

j.  $8,500.00 in U.S currency seized from the Defendant on or about April 22, 2021, in Irving, Texas, at the time of the Defendant's arrest

(a. through j., collectively, the "Substitute Assets"); and

WHEREAS, the Government is seeking the forfeiture of all of the Defendant's right, title and interest in the Substitute Assets.

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1.  All of the Defendant's right, title and interest in the Substitute Assets is hereby forfeited to the United States of America, for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853(n).

2.  Upon entry of this Preliminary Order of Forfeiture as to Substitute Assets, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Substitute Assets and to keep them in its secure, custody and control.

3.  Upon entry of a Final Order of Forfeiture, the Substitute Assets shall be applied towards the satisfaction of the Money Judgment entered against the Defendant.

4.  Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture as to Substitute

Assets and provide notice that any person, other than the Defendant in this case, claiming an interest in the Substitute Assets must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.    The notice referenced in the preceding paragraph shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Substitute Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the Substitute Assets and any additional facts supporting the petitioner's claim and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.    The United States may also, to the extent practicable, provide direct written notice to any person, other than the Defendant, known to have an alleged interest in the Substitute Assets, as a substitute for published notice as to those persons so notified.

7.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Substitute Assets, pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

8.   The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Substitute Assets, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

Dated: New York, New York
~~January~~  6  , 2026
May

SO ORDERED:

_____
HONORABLE PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE